## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**DAYRAL T. NATHAN, #38465**                                                                **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.  2:11-cv-139-KS-MTP**
                                                                                                          **APPEAL NO. 11-60811**

**R. HANCOCK, et al.**                                                                                  **DEFENDANTS**

### ORDER GRANTING *IN FORMA PAUPERIS* STATUS ON APPEAL
### AND SETTING A PAYMENT SCHEDULE UNDER THE PLRA

There came on for consideration of the court in the captioned cause the plaintiff's applications to proceed *in forma pauperis* [ECF Nos. 12, 16] in his appeal to the United States Court of Appeals for the Fifth Circuit of this civil action which was dismissed on November 8, 2011.

Having carefully reviewed this matter, the court finds that plaintiff's application includes statements of his assets, of his inability to prepay fees, of the nature of the action, and of his belief that he is entitled to redress.  Pursuant to 28 U.S.C. § 1915, as amended, and notwithstanding plaintiff's lack of assets, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* is granted, except to the extent that plaintiff is required to make payments set forth below.  If judgment is rendered against the plaintiff, and the judgment includes the payments of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

IT IS FURTHER ORDERED that plaintiff shall pay the full filing fee of $455.00 by payments made to the Clerk of Court from the plaintiff's prison account.  Said payments will be

forwarded to Clerk of Court, P.O. Box 23552, Jackson, Mississippi 39225-3552, with the plaintiff's name, civil action number 2:11-cv-139-KS-MTP, and appeal number 11-60811 written on the payment.

IT IS FURTHER ORDERED that the court hereby assesses an initial partial appeal filing fee of 20 percent of the average monthly balance or the average monthly deposit, whichever is greater, in plaintiff's prison account for the six month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(b)(1). The Mississippi State Penitentiary or other prison at which plaintiff may be incarcerated is required by law, when plaintiff's prison account has sufficient funds, to collect the initial partial filing fee and forward it to the Clerk of Court, P.O. Box 23552, Jackson, Mississippi 39225-3552, with the plaintiff's name, civil action number 2:11-cv-139-KS-MTP, and appeal number 11-60811 written on the payment.

IT IS FURTHER ORDERED that after payment of the initial partial appeal filing fee, plaintiff is required to make monthly payments of 20 percent of the preceding month's income[1] credited to his prison account, until the total appeal filing fee of $455.00 is paid. The Mississippi State Penitentiary or other prison at which plaintiff may be incarcerated is required by law, when plaintiff's prison account exceeds the sum of $10.00, to forward monthly payments with the plaintiff's name, civil action number 2:11-cv-139-KS-MTP, and appeal number 11-60811 written on the payment, to the Clerk of Court, P.O. Box 23552, Jackson, Mississippi 39225-3552, with each payment being a sum which equals 20 percent of the preceding month's income credited to plaintiff's prison account.

---

[1]Income shall mean "whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).

The Clerk is directed to mail copies of this Order to the plaintiff and to the Inmate Accounts Officer, MDOC Inmate Banking, P.O. Box 544, Jackson, Mississippi 39205.

THIS the 5th day of January, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SASHA LYNN SPIERS HUTCHERSON**                                  **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 2:11-CV-154-KS-MTP**

**JPMORGAN CHASE BANK, N.A.**                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion to Dismiss [3], and it **grants** the parties' Joint Motion to Transfer Venue [12].

**I. BACKGROUND**

This case involves the forced-placement of insurance on a property secured by a mortgage. Plaintiff, the mortgagor, alleges that she had already obtained sufficient insurance coverage on the subject property, but that Defendant, the mortgagee, force-placed insurance on the property regardless. The premium for the force-placed insurance created an escrow shortage, which, in turn, caused Plaintiff's monthly mortgage payment to increase. Plaintiff alleges that she continued to make her monthly payments, but that Defendant nonetheless threatened to initiate foreclosure proceedings.

Plaintiff alleges that Defendant improperly force-placed insurance on her property, breaching its duty to her. She further alleges that Defendant has harassed her by sending collection letters, monthly statements, and default notices. She contends that Defendant intended to drive up her monthly payment so that she would be unable to make the payments so that it could foreclose on her property. She alleges that these actions constituted an "attempted improper foreclosure." Finally, Plaintiff contends that Defendant breached its duty of good faith and fair dealing. She requests an

accounting of the escrow account, monetary damages in an amount equal to all economic loss caused by Defendant's conduct, compensatory damages, punitive damages, and fees.

## II. DISCUSSION

*A.    Mootness*

First, Defendant argues that this case should be dismissed because all of Plaintiff's claims are moot. "Under Article III of the U.S. Constitution, a federal court may adjudicate only 'cases' or 'controversies.' Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (citation and punctuation omitted). If a case is or becomes moot, then the Court has no authority to render a decision in it. *Id.* "In general, a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. To have a legally cognizable interest in the outcome, a plaintiff must demonstrate an injury traceable to the defendant that is susceptible to some judicial remedy." *LULAC v. City of Boerne*, 659 F.3d 421, 435 (5th Cir. 2011) (citations and punctuation omitted).

As Defendant's mootness argument implicates the Court's subject matter jurisdiction over the instant case, it is properly raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). "A trial court may find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (punctuation omitted). "The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss." *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

Defendant argues that Plaintiff's claims are moot because it already applied credits to Plaintiff's escrow account equal to all the force-placed insurance premiums. Plaintiff denies this, arguing that Defendant has not refunded all of the insurance premiums it charged to her escrow account.

Neither party has provided the Court with adequate briefing on this issue. Although the parties have presented the Court with a variety of escrow statements, loan statements, and other documents related to the transactions of which Plaintiff complains, neither party has provided the Court with a clear and concise explanation of each credit and debit flowing in and out of the escrow account over the time period relevant to Plaintiff's claims. The pertinent documents span the course of a couple of years, and although the Court can identify many of the credits and debits flowing in and out of the account, there are some entries which were not explained or addressed in the parties' briefing. That being the case, the Court does not believe it would be prudent to dismiss Plaintiff's case without first receiving, at the very least, a full explanation of each transaction in the escrow account during the time period in question. Accordingly, the Court presently **denies** this aspect of Defendant's Motion to Dismiss.

*B.     Accounting*

Defendant also argues that Plaintiff is not legally entitled to an accounting, and that her claim for one should be dismissed. "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However,

3

the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

An accounting is a "detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation. It is a statement in writing of debts and credits or of receipts and payments." *State ex rel. King v. Harvey*, 214 So. 2d 817, 819 (Miss. 1968). A claim for an accounting seeks equitable relief. *City of Ridgeland v. Fowler*, 846 So. 2d 210, 214 (Miss. 2003). To state such a claim – as with any claim arising in equity – a plaintiff must allege an inadequate remedy at law. *Litton Sys., Inc. v. Frigitemp Corp.*, 613 F. Supp. 1386, 1389 (S.D. Miss. 1985). "The

legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into . . . business records." *Id.* (quoting *Dairy Queen v. Wood*, 369 U.S. 469, 478-79, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962)).

Plaintiff neither alleged in her Complaint nor argued in briefing that she has no adequate legal remedy. Rather, she simply alleged and argued that the escrow statements provided by Defendant were inaccurate. Furthermore, Plaintiff has not argued or demonstrated that she would be unable to obtain the same information through the normal discovery process as she pursues a legal remedy. Accordingly, the Court **grants** Defendant's Motion to Dismiss with respect to Plaintiff's request for an accounting.

## C.     *Forced-Placement of Insurance*

In her Complaint, Plaintiff alleges that Defendant improperly force-placed insurance on her home when she had already obtained insurance and provided the requisite notice to Defendant. She also alleged that Defendant purchased insurance with coverage that exceeded the amount of the mortgage, and that Defendant purchased the insurance from an entity with which it maintains a financial arrangement through which it profits from force-placing insurance. In the Court's estimation, Plaintiff's claim for "Improper Forced-Placement of Insurance" could be construed as either a claim for breach of fiduciary duty or a claim for breach of contract.

### *1. Breach of Fiduciary Duty*

The Mississippi Supreme Court has "never held that the relationship between a mortgagor and a mortgagee is a fiduciary one." *Hopewell Enters. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 816 (Miss. 1996). Generally, "the relationship between a debtor and creditor is a contractual one, and not a confidential or fiduciary one." *Id.* (punctuation omitted). "At best, . . . a mortgagor and mortgagee

5

are in a relationship of trust[,] and . . . a mortgagee should not be allowed to abuse that relationship."

*Id.* Therefore, the Mississippi Supreme Court has held:

> Although every contractual agreement does not give rise to a fiduciary relationship, such relationship may exist under the following circumstances: (1) the activities of the parties go beyond their operating on their own behalf, and the activities for the benefit of both; (2) where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other.

*Id.* Plaintiff has not alleged sufficient facts to establish the factors cited above. Accordingly, to the extent Plaintiff alleges a breach of fiduciary duty, the Court **grants** Defendant's Motion to Dismiss as to that claim.

　　2.　　*Breach of Contract*

Plaintiff's claim that Defendant improperly force-placed insurance could also be construed as a breach of contract claim. Plaintiff alleged that Defendant is a successor-in-interest to her original lender, which was a party to the deed of trust. The deed of trust [3-2][1] required that Plaintiff "shall keep the improvements now existing or hereafter erected on the Property insured against loss . . ." in the amounts and for the periods that the lender requires. If Plaintiff fails to maintain sufficient insurance coverage, then the lender "may obtain insurance coverage, at Lender's option and [Plaintiff's] expense. Lender is under no obligation to purchase any particular type or amount of coverage." Plaintiff acknowledged, by executing the deed of trust, that "the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that [Plaintiff] could have obtained."

Plaintiff plainly alleged that Defendant force-placed insurance when Plaintiff had already

---

[1] The Court may "permissibly refer to matters of public record" when deciding a 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

6

obtained sufficient coverage. The deed of trust does not permit Defendant to do this. Therefore, to the extent Plaintiff alleges a breach of contract, Plaintiff has plead sufficient facts to survive a Rule 12(b)(6) motion. Accordingly, the Court **denies** Defendant's Motion to Dismiss as to that claim.

### D.     *Harassment*

Plaintiff claims that Defendant "harassed" her by sending collection letters, monthly statements, and default notices in an effort to force her to pay amounts improperly charged to her escrow account. Plaintiff did not plead a cause of action under the Fair Debt Collection Practices Act ("FDCPA"),[2] and Plaintiff failed to cite any Mississippi law regarding a cause of action for harassment of the sort alleged here.[3] Accordingly, the Court **grants** Defendant's Motion to Dismiss as to Plaintiff's harassment claim.

### E.     *Attempted Improper Foreclosure*

Plaintiff claims that Defendant force-placed insurance on her property for the purpose of driving up her monthly mortgage payment so she could not afford to pay it. Plaintiff alleges that Defendant wanted to foreclose on the property because it is worth more than the loan. Accordingly, Plaintiff contends that Defendant attempted to improperly foreclose on her property.

Plaintiff has failed to cite any Mississippi law regarding a cause of action for *attempted* wrongful foreclosure. It does not appear that such a cause of action exists. The Mississippi Supreme Court has affirmed that there must actually be a foreclosure before a plaintiff can assert a claim of

---

[2] 15 U.S.C. § 1692, *et al.*

[3] Some authority exists for the proposition that a debtor should not be subjected to multiple lawsuits for recovery of a single debt. *See e.g. Paramount Ins. Co. v. Parker*, 112 So. 2d 560, 562 (Miss. 1959); *Chapman v. Hughes*, 61 Miss. 339, 350 (Miss. 1883). Those cases are inapplicable here. The only lawsuit involved in this dispute is the present one, which was initiated by Plaintiff herself.

wrongful foreclosure. *See McKinley v. Lamar Bank*, 919 So. 2d 918, 930 (Miss. 2005). It is undisputed that Defendant never foreclosed on Plaintiff's property, and Plaintiff has failed to point to any Mississippi law imposing liability for merely threatening foreclosure. Accordingly, the Court **grants** Defendant's Motion to Dismiss with respect to this claim.

*F.     Venue*

Plaintiff is a resident of Pearl River County, Mississippi, and the property at issue in this case is located in Pearl River County. The parties argue that this case should be transferred to the Southern Division of this Court. The Court agrees. 28 U.S.C. § 1391(b)(2). Accordingly, the Court **grants** the parties' Joint Motion to Transfer Venue [12], and this case shall be transferred to the Southern Division. 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the reasons stated above, the **grants in part and denies in part** Defendant's Motion to Dismiss [3]. Specifically:

- the Court denies the motion with respect to Defendant's mootness argument;

- the Court grants the motion with respect to Plaintiff's request for an accounting;

- the Court grants the motion with respect to any claim for breach of fiduciary duty asserted by Plaintiff;

- the Court denies the motion with respect to any claim for breach of contract asserted by Plaintiff;

- the Court grants the motion as to Plaintiff's harassment claim; and

- the Court grants the motion as to Plaintiff's attempted wrongful foreclosure claim.

The Court also **grants** the parties' Joint Motion to Transfer Venue [12]. Accordingly, this

8

case shall be transferred to the Southern Division

      SO ORDERED AND ADJUDGED this 6th day of January, 2012.

                            *s/ Keith Starrett*
                    UNITED STATES DISTRICT JUDGE